UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY DAWES, Individually, and as the ADMINISTRATOR OF THE ESTATE OF DECEDENT, GENEVIVE A. DAWES, and ALFREDO SAUCEDO AS NEXT FRIEND OF MINORS, K.R. AND C.R., Plaintiffs, <br><br> v. <br><br> THE CITY OF DALLAS, TEXAS, CHRISTOPHER HESS and JASON KIMPEL, Defendants. | CIVIL ACTION NO. <br><br> 3:17-CV-1424-D |

# DEFENDANT CITY OF DALLAS'S MOTION PURSUANT TO RULE 12(b)(6) TO DISMISS THE PLAINTIFFS' FEDERAL CLAIMS ALLEGED AGAINST IT IN THE PLAINTIFFS' SECOND AMENDED COMPLAINT, AND BRIEF IN SUPPORT

CITY ATTORNEY OF THE CITY OF DALLAS

Larry E. Casto
City Attorney

Jason G. Schuette
Senior Assistant City Attorney
Texas State Bar No. 17827020
jason.schuette@dallascityhall.com

Molly Parks Ward
Senior Assistant City Attorney
Texas State Bar No. 24046589
molly.parksward@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas  75201
Telephone:    214-670-3519
Telecopier:    214-670-0622

ATTORNEYS FOR THE DEFENDANT
CITY OF DALLAS, TEXAS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ iii

I.   SUMMARY OF THE MOTION ......................................................................................................1

II.  RELEVANT PROCEDURAL HISTORY .......................................................................................2

III. FACTUAL OVERVIEW ..................................................................................................................3

IV.  ARGUMENT AND AUTHORITIES IN SUPPORT OF THE MOTION ..........................4

    A.  Applicable Legal Standards for Rule 12(b)(6) Motions ..........................................4

        1.  The standard for dismissal under Rule 12(b)(6):  does the complaint state a valid claim for relief? ........................................................4

        2.  A complaint must state sufficient non-conclusory facts to permit the reasonable inference that the defendant is liable. .......................5

    B.  The Plaintiffs Fail to Plead a Plausible Due Process Claim. ...................................6

    C.  The Plaintiffs' Equal Protection Claims Should Be Dismissed Because Those Claims Are Not Supported by Nonconclusory Factual Allegations Necessary to Make Those Claims Plausible. .........................................8

    D.  The Plaintiffs' § 1983 Claims Against the City Premised Upon Alleged Failures to Train, Supervise, or Discipline DPD Officers Must Be Dismissed Because the Plaintiffs Fail to Plead Facts Sufficient to Make Those Claims Facially Plausible. .................................................................11

V.   CONCLUSION ...............................................................................................................................14

CERTIFICATE OF SERVICE .........................................................................................................16

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                                                                          ii

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................... 5, 6, 8, 13

*Bd. of Comm'rs v. Brown*,
    520 U.S. 397 (1997) .................................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................ 4, 5, 6, 8, 13

*Bennett v. City of Slidell*,
    728 F.2d 762 (5th Cir. 1984) ...................................................................................... 11

*Bowlby v. City of Aberdeen*,
    681 F.3d 215 (5th Cir. 2012) ..................................................................................... 9, 10

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ..................................................................................................... 14

*City of Los Angeles v. Heller*,
    475 U.S. 796 (1986) ..................................................................................................... 11

*Coles v. Eagle*,
    No. CIV. 09-00167DAE-BMK, 2009 WL 2700210 (D. Haw. Aug. 27, 2009) ......................... 8

*Conley v. Gibson*,
    355 U.S. 41 (1957) ....................................................................................................... 4, 5

*Estate of Davis ex rel. McCully v. City of North Richland Hills*,
    406 F.3d 375 (5th Cir. 2005) ...................................................................................... 13

*Fernandez-Montes v. Allied Pilots Ass'n*,
    987 F.2d 278 (5th Cir. 1993) ...................................................................................... 4

*Graham v. Conner*,
    490 U.S. 386 (1989) ..................................................................................................... 7, 8

*In re Katrina Canal Breaches Litig.*,
    495 F.3d 191 (5th Cir. 2007) ...................................................................................... 4

*Jackson v. Procunier*,
    789 F.2d 307 (5th Cir. 1986) ...................................................................................... 4

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                    iii

*Johnson v. City of Shelby, Miss.*,
    ___U.S. ___, 135 S. Ct. 346 (2014)........................................................................................ 8

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
    677 F.2d 1045 (5th Cir. 1982) ............................................................................................... 4

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
    369 F.3d 464 (5th Cir. 2004) ................................................................................................. 4

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ..................................................................................... 11, 12, 13

*Regent v. Town of Cheektowaga*,
    No. 03-CV-0347A(F), 2007 WL 981771 (W.D.N.Y. Mar. 30, 2007)..................................... 8

*Wayte v. United States*,
    470 U.S. 598 (1985)................................................................................................................ 9

*Webster v. City of Houston*,
    735 F.2d 838 (5th Cir. 1984) .......................................................................................... 12, 13

*Whitley v. Hanna*,
    726 F.3d 631 (5th Cir. 2013................................................................................................. 11

**STATUTES**

Tex. Civ. Prac. & Rem. Code § 101.106(e)..................................................................................... 3

**RULES**

Fed. R. Civ. P. 1............................................................................................................................. 5

Fed. R. Civ. P. 12(b)(6).................................................................................................... 1, 4, 7, 8

Fed. R. Civ. P. 8(a)(2).................................................................................................................... 6

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                                                                                iv

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY DAWES, Individually, and as the ADMINISTRATOR OF THE ESTATE OF DECEDENT, GENEVIVE A. DAWES, and ALFREDO SAUCEDO AS NEXT FRIEND OF MINORS, K.R. AND C.R., and VIRGILIO ROSALES, Plaintiffs, v. THE CITY OF DALLAS, TEXAS, CHRISTOPHER HESS and JASON KIMPEL, Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-CV-1424-D |

**DEFENDANT CITY OF DALLAS'S MOTION PURSUANT TO RULE 12(b)(6)
TO DISMISS THE PLAINTIFFS' FEDERAL CLAIMS ALLEGED AGAINST IT
IN THE PLAINTIFFS' SECOND AMENDED COMPLAINT, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

The Defendant City of Dallas ("the City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this motion to dismiss certain federal claims alleged in the Plaintiffs' Second Amended Complaint (ECF No. 11) (the "Complaint"), for the reasons that those claims are not cognizable or lack facial plausibility.

### I.   SUMMARY OF THE MOTION

The Plaintiffs plead federal and state claims against the City former Dallas Police Department ("DPD") officer Christopher Hess, and DPD officer Jason Kimpel ("the Officers") arising out of an encounter on 18 January 2017, during which the Officers fatally shot Genevive Dawes ("Dawes") and injured Virgilio Rosales ("Rosales"). In addition to a Fourth Amendment excessive force claim, the Plaintiffs allege, pursuant to 42 U.S.C. § 1983, that the Defendants violated the Plaintiffs' rights to due process and to equal protection. The Court should dismiss any equal

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                                                 Page 1

protection claim because the Plaintiffs fail to plead any facts that permit a reasonable inference that the Officers treated Dawes or Rosales less favorably than they have treated similarly situated others. The Court should dismiss any due process claim because the Due Process Clause is not the source of constitutional protection for unlawful seizures or for the use of excessive force against a pretrial detainee or arrestee. Finally, the Court should dismiss the § 1983 claims premised upon alleged deficient training, supervision, or discipline of DPD officers because the Complaint fails to plead facts that permit a reasonable inference of a custom of deficient training, supervision, or discipline of DPD officers, or that the City's final policymakers were deliberately indifferent with respect to the likely results of any such customs.

## II.     RELEVANT PROCEDURAL HISTORY

The Plaintiffs filed this suit on 30 May 2017, seeking monetary damages against the City and the Officers. (*See* Court's Docket.) The Plaintiffs filed Plaintiffs' First Amended Complaint (ECF No. 7) on 17 June 2017. (*See id.*) The City was served with a summons and a copy of the Original Complaint on 19 June 2017. (*See* ECF No. 8.) But later, on 27 June 2017, the Plaintiffs filed another complaint titled Plaintiffs' First Amended Complaint (ECF No. 27). (*See id.*) Later same day, the Plaintiffs filed the live complaint, Plaintiffs' Second Amended Complaint (ECF No. 11)[1] (the "Complaint"). (*See id.*)

Officer Kimpel was served with a summons on 28 June 2017. (*See* ECF No. 12.) As of the filing of this motion, the Court's docket sheet does not reflect that Officer Hess has been served with a summons. (*See* Court's Docket.) The City will move separately for the dismissal of the Plaintiffs' state law tort claims alleged against the individual defendants, pursuant to the

---

[1] The live Complaint (ECF No. 11) appears to be identical to the second-filed Plaintiffs' First Amended Complaint (ECF No. 9) in all respects except for the document title. Therefore, the City understands the live Complaint merely to correct the misnaming of ECF No. 9.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                Page 2

Texas Election of Remedies statute contained in the Texas Tort Claims Act, Texas Civil Practice and Remedies Code § 101.106(e).

### III.   FACTUAL OVERVIEW

The Plaintiffs' claims arise from a tragic encounter among Dawes, Rosales, former DPD officer Christopher Hess,[2] DPD officer Jason Kimpel, and several other DPD officers. According to the Complaint, in the early morning of 18 January 2017, Dawes and a companion, Virgilio Rosales, were sleeping in a parked car at an apartment complex in Dallas, Texas. (Complaint ¶¶ 12, 13.) Several DPD officers responding to a suspicious person report approached the car, which also had been reported as stolen. (*Id.*) The Plaintiffs allege that Dawes was startled when she was suddenly awakened by the officers' lights and the sound of their voices, that she did not understand that DPD officers were engaging her, and that she tried to leave by safely backing her car away. (*Id.* ¶¶ 14-15.) The Plaintiffs allege that, although no reasonable officer could have believed that Dawes's actions presented an imminent threat of death or serious bodily injury to any of the officers, Officers Hess and Kimpel repeatedly shot at Dawes's car, striking Dawes multiple times, causing her death and injuring Rosales. (*Id.* ¶¶ 15-16.) The Plaintiffs allege that the Officers' actions violated Dawes's right to be free from the use of excessive force in the course of a seizure. (*Id.* ¶¶ 49-59), and that the City of Dallas is liable under § 1983 because the Officers' uses of excessive force were the result of constitutionally deficient DPD customs of failing to train, supervise, and/or discipline DPD officers (*id.* ¶¶ 60-91).

The Plaintiffs also plead that the City's final policymakers and its interim Chief of Police "failed to implement and enforce such policies, practices and procedures for the DPD that respected [the Plaintiffs'] constitutional rights to protection and equal treatment under the law."

---

[2] The City terminated Mr. Hess's employment as a DPD officer on 5 July 2017. The City Attorney's Office will not represent either Mr. Hess or Officer Kimpel in this litigation.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                              Page 3

(*Id.* ¶ 2.)  Finally, the Plaintiffs plead that the City's actions "violat[ed] their rights pursuant to 42 U.S.C. § 1983."  (*Id.* ¶ 1.)  The City seeks dismissal of all of these claims.

### IV.     ARGUMENT AND AUTHORITIES IN SUPPORT OF THE MOTION

**A.     Applicable Legal Standards for Rule 12(b)(6) Motions**

    **1.     The standard for dismissal under Rule 12(b)(6):  does the complaint state a valid claim for relief?**

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings.  *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).  There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6).  First, the allegations in the complaint are to be construed in the plaintiffs' favor and all *well-pleaded* facts are to be accepted as true.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  However, conclusory allegations pleaded in a complaint are not to be accorded a presumption of truth.  *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a plausible claim for relief, and dismissal pursuant to Rule 12(b)(6) is appropriate.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true.  *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957).  That is, it is no longer sufficient that relief

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                                                         Page 4

could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court set out in *Conley*, 355 U.S. at 45-46. Rather, under *Twombly*, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### 2. A complaint must state sufficient non-conclusory facts to permit the reasonable inference that the defendant is liable.

The Supreme Court clarified the scope and application of *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Iqbal* makes clear that the *Twombly* decision was based upon the Supreme Court's interpretation and application of Rule 8, *Iqbal*, 556 U.S. at 684 (citing *Twombly*, 550 U.S. at 554), which "governs the pleading standard 'in all civil actions and proceedings in the United States district courts,'" *id.* (quoting Fed. R. Civ. P. 1)). Therefore, both *Twombly's* and *Iqbal's* requirements apply to the Plaintiffs' allegations against the City.

The legal foundation of this motion is set out in section IV-A of the opinion of the Court in *Iqbal*. In summary, *Iqbal* held that the following standards apply when evaluating the sufficiency of *all* federal complaints:

- The rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

- A complaint must be plausible on its face. "A claim has facial plausibility when the plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

- "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

- A complaint is insufficient if it merely tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The *Iqbal* Court stated that its decision in *Twombly* was supported by two principles, from which the foregoing standards were derived. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Therefore, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (applying Fed. R. Civ. P. 8(a)(2) (requiring " a short and plain statement of the claim showing the pleader is entitled to relief.")). Thus, *Iqbal* directs that a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Such conclusions are not "well-pleaded" factual allegations, and do not plausibly give rise to an entitlement to relief.

**B.      The Plaintiffs Fail to Plead a Plausible Due Process Claim.**

The Plaintiffs allege that the Officers' actions violated Dawes' constitutional rights to due process and to equal protection of the law, purportedly arising under the Fourth Amendment:

> This is an action brought by the Plaintiffs against [t]he City of Dallas, Texas, Officers Christopher Hess and Jason Kimpel for their use of excessive and deadly force resulting in the death of Genevive Dawes ("Dawes") and injuries to Virgilio Rosales ("Rosales") under the color of law, *in violations of their individual rights under the Fourth Amendment of the United States Constitution* and, consequently, in violation of their civil rights pursuant to 42 U.S.C. § 1983
>
> Plaintiffs allege that the Dallas City Council, the City of Dallas's final policymaker for the Dallas Police Department . . . and Interim Chief of Police, David Pughes ("Chief Pughes"), with the authority for setting

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                                                 Page 6

> policies, including training of the Dallas Police Officers, had a duty, but failed to implement and enforce such policies, practices and procedures for the DPD *that respected their constitutional rights to protection and equal treatment under the law*.

(Complaint at 2 ¶¶ 1, 2) (emphasis added).

The Fourth Amendment does not provide a generalized right to due process of law. That right is provided by the Fourteenth Amendment. Simply put, the Plaintiffs have not asserted any factual basis for a cognizable due process claim. In *Graham v. Conner*, 490 U.S. 386 (1989), the Supreme Court held that "*all* claims" against law enforcement officers for "excessive force- deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen" should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. *Id*. at 395 ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically-intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

Here, the Plaintiffs' do not make the error of specifically pleading a Fourteenth Amendment due process claim arising out of an arrest. Instead, the Plaintiffs generally assert a "due process" claim, and loosely associate their due process claim with the Fourth Amendment. Such a claim obviously is not cognizable, whether tethered to the Fourth Amendment or to the Fourteenth, and the Court should dismiss it pursuant to Rule 12(b)(6).

That is not to say that the Fourth Amendment is inapplicable to the Plaintiffs' claims. The Fourth Amendment indisputably is the constitutional source of protection against the unreasonable seizures and unreasonable uses of force in the course of a seizure. *Graham*, 490 U.S. at 395-96. That being said, and to the extent that the Plaintiffs implicitly assert a substantive due process claim arising under the Fourteenth Amendment's Due Process Clause, the Court should

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                    Page 7

dismiss that claim, too, and for the same reasons: claims of unreasonable seizures and of the use of excessive force in the course of a seizure arise squarely under the Fourth Amendment, not the Fourteenth Amendment. *Id.* at 395. Therefore, the Court should dismiss any purported "due process" claim for the reason that it lacks facial plausibility.

To the extent that the Plaintiffs plead an equal protection claim arising under the Fourth Amendment, any such claim must fail for the same reasons. The Fourteenth Amendment, not the Fourth Amendment, is the textual source of the right to equal protection of the law. *See, e.g.*, *Coles v. Eagle*, No. CIV. 09-00167-DAE-BMK, 2009 WL 2700210, at *3 (D. Haw. Aug. 27, 2009) ("It is clear that Coles's excessive force claims arise under the Fourth Amendment and his discrimination claims arise under the equal protection clause of the Fourteenth Amendment."); *Regent v. Town of Cheektowaga*, No. 03-CV-0347A(F), 2007 WL 981771, at *5 (W.D.N.Y. Mar. 30, 2007) ("Here, although Plaintiff has not alleged the source of the specific constitutional rights he alleges Defendants infringed, a fair reading of the Complaint establishes that Plaintiff's . . . claims for . . . denial of due process and equal protection arise under the Fourteenth Amendment."). An equal protection claim arising under the Fourth Amendment is not cognizable, and the Court should dismiss it pursuant to Rule 12(b)(6) for lack of facially plausibility.

C. **The Plaintiffs' Equal Protection Claims Should Be Dismissed Because Those Claims Are Not Supported by Nonconclusory Factual Allegations Necessary to Make Those Claims Plausible.**

Although improperly framed as a Fourth Amendment claim, the Plaintiffs arguably plead a Fourteenth Amendment claim that they (and Dawes) were denied equal protection of the law.[3]

---

[3] The Supreme Court in 2014 clarified that for notice pleading, it is the factual allegations and not the legal theory pled that is of significance, and that *Iqbal* and *Twombly* addressed only the sufficiency of the factual allegations to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Johnson v. City of Shelby, Miss.*, ___ U.S. ___, 135 S. Ct. 346, 347 (2014) (per curium) (reversing summary judgment affirmed on appeal for failure to invoke 42 U.S.C. § 1983 in the complaint).

(*See* Complaint at 1-2 ¶¶ 1, 2.)  However, beyond that raw conclusion, the Plaintiffs fail to plead *any facts whatsoever* that support an equal protection claim, even when properly evaluated under Fourteenth Amendment standards.

Selectivity in the enforcement of criminal laws is subject to constitutional restraints. *Wayte v. United States*, 470 U.S. 598, 608 (1985).  To state a claim under the Equal Protection Clause and § 1983, a plaintiff must allege that he was treated differently from similarly situated individuals were treated, and that the unequal treatment stemmed from a discriminatory intent. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 227 (5th Cir. 2012).

Review of the Plaintiffs' live Complaint reveals that the equal protection claim does not contain any fact-based allegations that Dawes or the Plaintiffs were treated differently than were *similarly-situated* others.  (*See* Complaint.)  The Plaintiffs never identify another similarly-situated individual whom the Officers treated more favorably than Dawes or the Plaintiffs were treated.  (*See id.*)  In fact, while the Plaintiffs allege that Dawes and Rosales was denied equal protection–presumably on the basis of Dawes's and/or Rosales's race–the Plaintiffs do not even allege the race of either Dawes or Rosales.  (*See id.*)  The Plaintiffs' closest approach is their allegation that

> The DPD has a pattern, practice, history, and custom of using excessive force against minorities, including approaching them with guns drawn, when there is no imminent threat of bodily harm or other justifiable reason to do so.  The DPD train [sic] its officers to shoot first and ask questions later.

(Complaint at 8 ¶ 30.)

Absent from the foregoing perfunctory, almost mechanical, pleading of discrimination is any factual allegation that Officer Hess or Officer Kimpel treated either Dawes or Rosales any differently than those officers have treated any similarly situated individuals, or that any unequal

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                                      Page 9

treatment of Dawes or Rosales by the Officers stemmed from subjective discriminatory intent by either officer. *Bowlby*, 681 F.3d at 227. To demonstrate an intent to discriminate, a plaintiff must allege facts sufficient to "give rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar College*, 35 F.3d 709 (2nd Cir. 1994). The Complaint here fails to plead any such facts. The Complaint recites that the Officers' contact with Dawes arose from a "suspicious person" dispatch that originated from a third party caller, and that the car in which Dawes and her companion, Rosales, were sleeping had been reported as stolen. (Complaint ¶¶ 12-13.) Those facts do not plausibly suggest race-based discrimination. The Complaint next recites a series of attempts by Dawes to flee from the area, and that the Officers reacted with deadly force. (*Id.* ¶¶ 14-15, 50-53.) However, as stated above, not only do the Plaintiffs fail to plead Dawes's or Rosales's race/ethnicity, the Plaintiffs also fail to plead any facts that permit a reasonable inference that either of the Officers was aware of either Dawes's or Rosales's race or ethnicity. (*See generally*, Complaint.)

The Plaintiffs instead ask the Court to accept as fact the conclusion that the police department has a custom of differential treatment of minorities and, therefore, the Officers must have acted in conformity with that supposed custom. Such pleading machinations merely masquerade as factual assertions of discrimination by the Officers, and do not plausibly state an equal protection claim. In sum, the Plaintiffs fail to plead *facts* sufficient to permit a reasonable inference that Officer Hess or Officer Kimpel denied Dawes (or the Plaintiffs) equal protection. Therefore, the Plaintiffs' (Fourteenth Amendment) equal protection claim entirely lacks facial plausibility, and must be dismissed for failure to state a plausible claim for relief.

D.  **The Plaintiffs' § 1983 Claims Against the City Premised Upon Alleged Failures to Train, Supervise, or Discipline DPD Officers Must Be Dismissed Because the Plaintiffs Fail to Plead Facts Sufficient to Make Those Claims Facially Plausible.**

A § 1983 claim against a municipality must be based upon an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that there can be no § 1983 municipal liability where there is no underlying constitutional harm); *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) (holding that the plaintiff's inadequate supervision, failure to train, and policy, practice, or custom claims failed because there was no underlying constitutional violation). Here, the Defendants have demonstrated that (1) the Plaintiffs' perfunctory due process and equal protection claims are not cognizable under the Fourth Amendment; (2) any Fourteenth Amendment Due Process Clause claim is not cognizable in the context of a seizure and use of force against pretrial detainees; and (3) the Plaintiff's Fourteenth Amendment Equal Protection Clause claims utterly lack facial plausibility. Therefore, the Court should dismiss all of those claims as to the City for failure to state a viable claim for relief.

Additionally, the Court should dismiss the Plaintiffs' § 1983 claims against the City because the Plaintiffs fail to plead facts that permit a reasonable inference of a custom of deficient training, supervision, or discipline of DPD officers, or that the City's final policymakers were deliberately indifferent with respect to the likely results of any such alleged customs.

It is well-settled that a municipality cannot be liable under a theory of respondeat superior. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)). Rather, to hold the City liable under section 1983 a plaintiff must establish that an "official policy" of the municipality–and not the policy of

an individual city official–was the "moving force" and actual cause of the loss of constitutional rights and any resultant harm. *Piotrowski*, 237 F.3d at 578.

The Fifth Circuit reiterated in *Piotrowski* that, although official policy "is ordinarily contained in duly promulgated policy statements, ordinances, or regulations," it may arise from a custom, previously defined by the Fifth Circuit in *Webster v. City of Houston* as

> a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.

*Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).

However, it is not sufficient that a plaintiff simply offer the bare assertion that there was a custom having the force of municipal policy. *Piotrowski* requires the plaintiffs to specifically identify the official policy (custom) that is alleged to have caused the constitutional harm. *Piotrowski*, 237 F.3d at 579-80. Here, the Plaintiffs plead that the City and the DPD "have an inadequate policy of training officers regarding the following areas of law enforcement:"

    a. The use of proper and appropriate detention and seizure procedures

    b. The use of excessive and/or deadly force.

    c. The proper use of less deadly means.

(Complaint at 13 ¶ 61-a through 61-c.)

The Plaintiffs additionally plead that the DPD "has longstanding records of not providing DPD officers with adequate training on de-escalation techniques intended to prevent instances of excessive and deadly force and extrajudicial killings by Dallas Police officers" (*id.* at 14 ¶ 67), but the Plaintiffs fail to provide any factual substance to that allegation beyond their conclusory statement. That is, the Plaintiffs fail to plead in what manner DPD training on de-escalation is

not adequate. Similarly, the Plaintiffs plead that "[t]he actual practice or custom of the DPD regarding the use of deadly force is to 'shoot first and ask questions later.'" (*Id.* ¶ 68.) However, beyond that hackneyed phrase, the Plaintiffs fail to plead factual support for their contention.

The Court should note that the Plaintiffs do not plead the existence of the first of the two *Webster* definitions of a municipal policy, "duly promulgated policy statements, ordinances, or regulations." *Webster*, 735 F.2d at 841. In other words, the Plaintiffs do not plead the existence of any facially unconstitutional City policy. The Plaintiffs instead rely upon the second *Webster* definition of municipal policy, a persistent and widespread practice of municipal employees that is so common and well-settled as to constitute a custom that fairly represents municipal policy. *See id.*

However, absent a facially unconstitutional policy or custom, municipal liability under section 1983 can only arise from a custom having the force of official policy if the municipal policymakers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom. *Piotrowski*, 237 F.3d at 579. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the City's official policymakers not merely conceivable, but plausible in the context of the facts alleged. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Similarly, a *Monell*[4] claim based upon a "policy" of inadequate training, supervision, or discipline requires proof of "deliberate indifference" to the rights of persons with whom the

---

[4] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that municipal governments are "persons" subject to liability under 42 U.S.C. § 1983).

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                                                 Page 13

government official will come into contact.  *See, e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (addressing claims based upon policy of inadequate police training).  Thus, to plead a *Monell* claim based upon alleged City customs of deficient training, a plaintiff must plead facts supporting deliberate indifference by the City's final policymakers to a specific inadequacy in the City's training.  The Plaintiffs have failed to plead such facts.

The Complaint is also deficient because the Plaintiffs fail to allege any facts from which the Court may reasonably infer the City's final policymaker as a matter of law, the Dallas City Council ("the Council") was actually or constructively aware of the alleged unlawful custom(s) pleaded in the Complaint.  The Plaintiffs further fail to plead facts from which this Court may reasonably infer deliberate indifference on the part of the Council.  Therefore, the Plaintiffs' Complaint is fatally deficient for these additional reasons.

In sum, the Plaintiffs' Complaint fails to plead facts sufficient to support an inference of the existence of a persistent and widespread custom of deficient officer training, supervision, or discipline having the force of official City policy; fails to plead facts sufficient to support an inference of deliberate indifference by the Council, and fails to plead facts sufficient to support a rational inference of legal causation. Therefore, the Court should dismiss the Plaintiffs' section 1983 claims as to the City for failure to state a claim upon which relief can be granted.

## V.   CONCLUSION

There is no cognizable claim arising under the Fourth Amendment for a deprivation of a right to "due process" or to "equal protection."  Therefore, those claims must be dismissed.  The Court also should dismiss the Plaintiffs' Fourteenth Amendment equal protection claims because the Plaintiffs fail to plead any nonconclusory facts necessary to render those claims not just conceivable, but plausible.  Finally, the Court should dismiss the Plaintiffs' § 1983 claims against

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                                         Page 14

the City premised upon alleged customs of deficient DPD officer training, supervision, and/or discipline, because as a matter of law the City cannot be held liable under § 1983 where there is no underlying constitutional harm, and further because the Plaintiffs have failed to sufficiently plead the parameters of those customs, and because the Plaintiffs fail to plead any factual content sufficient to allow a reasonable inference of policymaker deliberate indifference to any such DPD customs.

WHEREFORE, the Defendant the City of Dallas requests that the Court grant this motion and enter an order dismissing the Plaintiffs' claims as described in this motion, and further grant the City all other relief that is consistent with this motion.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Larry E. Casto
City Attorney

*s/ Jason G. Schuette*
Senior Assistant City Attorney
Texas State Bar No. 17827020
jason.schuette@dallascityhall.com

Molly Parks Ward
Senior Assistant City Attorney
Texas State Bar No. 24046589
molly.parksward@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas  75201
Telephone:    214-670-3519
Telecopier:   214-670-0622

ATTORNEYS FOR THE DEFENDANT
CITY OF DALLAS, TEXAS

## CERTIFICATE OF SERVICE

      I certify that on 10 July 2017 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Daryl K. Washington
Washington Law Firm, PC
325 N. St. Paul St., Suite 3950
Dallas, Texas  75201

                                              *s/ J. G. Schuette*
                                              Senior Assistant City Attorney

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss the Plaintiffs' Federal
Claims Alleged Against It in the Plaintiffs' Second Amended Complaint, and Brief in Support
*Mary Dawes et al. v. City of Dallas et al.*; Civil Action No. 3:17cv1424-D                Page 16