IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY DAWES, INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF DECEDENT GENEVIVE A. DAWES, ALFREDO SAUCEDO, AS NEXT FRIEND OF MINORS K.R. AND C.R., AND VIRGILIO ROSALES, <br>         PLAINTIFFS, <br><br> V. <br><br> CITY OF DALLAS, CHRISTOPHER HESS, AND JASON KIMPEL, <br>         DEFENDANTS. | § § § § § § § § § § § § § § | CASE NO. 3:17-CV-1424-X-BK |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's Order of Reference, Doc. 60, before the Court is *Defendant City of Dallas's Motion to Dismiss the Plaintiffs' State Law Claims Against Individual Defendants, Christopher Hess and Jason Kimpel*, Doc. 14. For the reasons stated herein, the motion, previously granted as to Defendant Jason Kimpel, should also be **GRANTED** as to Defendant Christopher Hess.

### I. BACKGROUND

For purposes of this motion, it is sufficient to state that Plaintiffs' claims against Defendant City of Dallas ("the City") arise out of the shooting death of Genevive Dawes ("Dawes") and injuries sustained by Plaintiff Virgilio Rosales ("Rosales") during an encounter with Dallas Police Department ("DPD") officers Defendants Christopher Hess ("Hess") and

Jason Kimpel ("Kimpel"). Plaintiffs assert, *inter alia*, a state law wrongful death and survival action against all Defendants. Doc. 11 at 20-21.

The Court granted the City's motion to dismiss the state law claims against Kimpel without prejudice for lack of jurisdiction. Doc. 71 at 14; Doc. 87 at 14. The Court did not consider the City's motion with respect to Hess because the case was stayed as to Hess, "pending the resolution of the pending state criminal charges against him." Doc. 71 at 2 n.1; Doc. 87 at 14. The stay now has been lifted, Doc. 85; thus, the City's motion to dismiss the state law tort claims against Hess pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is ripe for consideration.

## II.  APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ratliff v. Aransas Cty., Tx.*, No. 19-40121, — F.3d —, 2020 WL 219011, at *2 (5th Cir. Jan. 15, 2020) (holding that the *Twombly* pleading standard applies to section 1983 municipal liability claims rather than the "lower-than-normal" pleading standard set forth in *Leatherman v. Tarrant Cty. Narc. Intel. & Coord. Unit*, 507 U.S. 163 (1993). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). In sum, a plaintiff's factual allegations "must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

### III.  ANALYSIS

The City asserts that Plaintiffs' wrongful death and survival claims against Hess in his individual capacity are subject to dismissal under the Texas Tort Claims Act's ("TTCA") election of remedies statute, which requires a plaintiff to decide at the outset of her case whether an employee acted (1) independently, and is thus solely liable; or (2) within the general scope of his employment such that the governmental unit is vicariously liable. Doc. 14 at 3, 6-7 (citing TEX. CIV. PRAC. & REM. CODE § 101.106(e)). The City notes that section 101.106(e) requires that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Doc. 14 at 3 (citation omitted). The City thus seeks dismissal of the tort claims against Hess for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Doc. 14 at 1-2.

Plaintiffs respond that their wrongful death and survival claims are not subject to dismissal under section 101.106(e) "because they are not separate tort claims." Doc. 21 at 20. Rather, Plaintiffs assert that the wrongful death and survival statutes are "simply enabling statutes that allow the deceased's estate and her statutory beneficiaries to bring the common law and other statutory claims the deceased could have brought had she not been killed by the Defendants." Doc. 21 at 20-21 (citations omitted).

"[A] suit asserting common law claims against a Texas governmental unit . . . is considered to be under the TTCA." *Quinn v. Guerrero*, 863 F.3d 353, 362 (5th Cir. 2017). (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010)). Section 101.106(e)

requires a plaintiff to make an irrevocable election at the time of filing suit under the TTCA between suing the governmental entity or proceeding against the government employee alone.  *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).  Thus, if a plaintiff sues both a governmental unit and any of its employees under the TTCA, the employee "shall immediately be dismissed on the filing of a motion" by the governmental entity.  *Bustos,* 599 F.3d at 462.

Here, Plaintiffs sue both the City and Hess in tort.  Doc. 11 at 20-21.  As such, Hess is entitled to immediate dismissal of the wrongful death and survival claims filed against him in his individual capacity for lack of jurisdiction.  *See Quinn v. Guerrero*, 863 F.3d 353, 360-62 (5th Cir. 2017) (affirming dismissal of tort claims against police officers under TTCA for lack of subject matter jurisdiction); *see also Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 533 & n.9 (Tex. 2017) (directing entry of dismissal in favor of state employees pursuant to section 101.106(e) on interlocutory appeal from lower court's refusal to dismiss for lack of jurisdiction).

## IV.  CONCLUSION

For the foregoing reasons, it is recommended that *Defendant City of Dallas's Motion to Dismiss the Plaintiffs' State Law Claims Against Individual Defendants, Christopher Hess and Jason Kimpel*, Doc. 14, be **GRANTED** to the extent that the state law claims against Defendant Hess also be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on July 10, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).