IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY DAWES, Individually and as the Administrator of the Estate of DECEDENT, GENEVIVE A. DAWES, ALFREDO SAUCEDO as Next Friend of Minors, K.R. and C.R., and VIRGILIO ROSALES, | § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:17-CV-1424-D |
| v. | § § | JURY TRIAL DEMANDED |
| THE CITY OF DALLAS, TEXAS, CHRISTOPHER HESS, and JASON KIMPEL, | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE TO CONDUCT LIMITED DISCOVERY AND RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY**

Plaintiffs Mary Dawes, Individually as the surviving mother of Genevive A. Dawes and as the Administrator of the Estate of Genevive A. Dawes, deceased, Alfredo Saucedo as Next Friend of minors K.R. and C.R., and Virgilio Rosales ("Plaintiffs"), file this Unopposed Motion to Extend the current, February 12, 2021, deadline to respond to Defendants' Motion for Summary Judgment on Qualified Immunity. Plaintiffs seek to extend that deadly by forty-five days, or until March 29, 2021, so that Plaintiffs may complete the discovery Officers Hess and Kimpel agreed to. Alternatively, and

preferably,[1] Plaintiffs request that this Court order the parties to certify to the Court within five days of the completion of the agreed-upon discovery, at which point Plaintiffs shall be given twenty-one days, from the date of certification, to respond to the motion for summary judgment.

## I.   Background

On October 2, 2020, Officers Hess and Kimpel filed their Motion for Summary Judgment Asserting Qualified Immunity. (Docs. 104, 105). In response, Plaintiffs filed a motion for leave to conduct limited discovery and to continue their deadline to respond to the motion for summary judgment. (Doc. 107). After some discussion, Officers Hess and Kimpel agreed to the following relief:

1. Depositions, limited to the issue of qualified immunity, of any witness who submitted an affidavit in support of the Defendants' Motion for Summary Judgment—i.e., Officers Christopher Hess, Jason Kimpel, Erin Evans, Peter Lickwar, Christopher Alisch, and Zach Hopkins; and

2. Subject to a protective order restricting disclosure to the attorneys, parties, and experts in this litigation for use in this litigation only, production of the following documents:

    a. Any other witness statements regarding this matter; and

    b. The Internal Affairs reports regarding this matter.

(Doc. 110). In light of that agreement, this Court granted the unopposed relief outlined

---

[1] This relief is preferable to avoid the need for additional motions to extend time in the event that document production or deposition scheduling takes longer than anticipated. At this time, Plaintiffs have still not been provided a concrete deadline by which Officers Hess and Kimpel will produce the agreed-upon documents. Assuming those documents are produced in the next two weeks, Plaintiffs' counsel need time to review those documents and then schedule the depositions of six police officers. Thus, there is a significant risk that coordinating that many depositions, taking the depositions, and then obtaining the deposition transcripts from each in time to rely on them in support of Plaintiffs' summary judgment response, will take longer than forty-five days.

**Plaintiffs' Unopposed Motion to Extend Deadline to Conduct Limited Discovery and
Respond to Defendants' Motion for Summary Judgment on Qualified Immunity**          Page 2 of 8

above and set a new deadline of February 12, 2021 for Plaintiffs to respond to Hess and Kimpel's motion for summary judgment. (Doc. 111).

Immediately after that motion was granted, Plaintiffs' counsel asked counsel for Hess and Kimpel when production of the agreed-upon documents could be expected. (Ex. 1 at 1 [11/19 email from D. Washington]). Plaintiffs received no response to their request until November 24, 2020, when counsel for Hess and Kimpel emailed a proposed stipulation regarding the already agreed-upon discovery. (Ex. 2 at 4-5 [11/24 Email from M. Goldstucker]). On November 29, 2020, Plaintiffs' counsel responded to this email, questioned the purpose of it in light of the parties' documented agreement and this Court's order consistent with that agreement, and suggested it be revised to achieve its purpose of having the parties agree to nondisclosure of whatever documents were ultimately produced. (Ex. 2 at 4[11/29 Email from T. Spalding]). On November 30, 2020, Hess and Kimpel's counsel responded that Plaintiffs' counsel's suggestion regarding the stipulation was fine. (Ex. 2 at 3-4 [11/30 Email from M. Goldstucker]). However, still no documents were produced.

Plaintiffs' counsel again inquired about the production of the documents on December 2, 2020. (Ex. 2 at 3 [12/2 Email from D. Washington]). Hess and Kimpel's counsel responded on December 4, 2020, and simply stated that he was getting them ready. (Ex. 2 at 2 [12/4 Email from M. Goldstucker]). Still, no documents were produced.

On December 17, 2020, Plaintiffs' counsel again asked Hess and Kimpel's counsel about the documents. (Ex. 2 at 2 [12/17 Email from T. Spalding]). Hess and Kimpel's counsel provided no answer. Plaintiffs' counsel asked again, on December 27, 2020,

noting that the documents were necessary to conduct the agreed-upon depositions, and if no documents were going to be produced and/or forthcoming, direction from this Court would be necessary. (Ex. 2 at 1 [12/27 Email from D. Washington]). Hess and Kimpel's counsel responded the following day and promised that the documents would "be ready by the end of the week." (Ex. 2 at 1 [12/28 Email from M. Goldstucker]). Once again, no documents were produced.

On January 6, 2021, Plaintiffs' counsel again reached out to counsel for Hess and Kimpel. (Ex. 3 at 1 [1/6 Email from D. Washington]). This time, Plaintiffs' counsel advised that because no documents had been produced, and because the documents were necessary prior to scheduling depositions, Plaintiffs would need to seek additional time to respond to the motion for summary judgment. (*Id.*). In response, counsel for Hess and Kimpel apologized that the document production had "taken longer than expected" and agreed that "[s]ome additional response time will be okay with us if necessary." (Ex. 3 at 1 [1/7 Email from M. Goldstucker]). Of course, no documents were produced and, as of the filing of this motion, the documents have still not been produced.

Plaintiffs therefore request that this Court extend their deadline to respond to Hess and Kimpel's motion for summary judgment by at least another forty-five days, to March 29, 2021, or until such time as the parties can complete the agreed-upon, limited discovery.

## II.   Extension of Time

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … with or

without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Moreover, Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1)   defer considering the motion or deny it;

(2)   allow time to obtain affidavits or declarations or to take discovery; or

(3)   issue any other appropriate order."

Fed. R. Civ. P. 56(d). Thus, "[a] nonmoving party, believing that it needs more time to obtain discovery to respond satisfactorily to a motion for summary judgment, can seek the shelter of Rule [56(d)]." *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

The parties have already agreed to the Rule 56(d) relief Plaintiffs sought via their October 14, 2020 motion. (Doc. 110). The parties, however, have been unable to complete the agreed-upon discovery. Accordingly, Plaintiffs seek an extension of the current deadline to respond to the pending motions for summary judgment. This motion is timely under Rule 6(a) as it is being filed before the February 12, 2021 deadline to respond to the motion for summary judgment.

There is good cause to extend the deadline given that Officers Hess and Kimpel have not provided Plaintiffs the documents they agreed to produce and, because those documents have not been produced, the parties have been unable to schedule the depositions of the various officers, including Hess and Kimpel, that were present at the scene of the shooting. Plaintiffs simply seek additional time to conduct the discovery Officers Hess and Kimpel agreed to almost two months ago.

Officers Kimpel and Hess will not suffer any prejudice as a result of this delay, as there are no current deadlines that would be adversely affected by this extension and because they are unopposed to an extension of Plaintiffs' response deadline, which has been made necessary largely as a result of their own conduct.

Accordingly, Plaintiffs ask that this Court grant them at least a forty-five-day extension, to March 29, 2021, to respond to Officers Hess and Kimpel's motion for summary judgment. Alternatively, and preferably, Plaintiffs ask that this Court order the parties to certify to the Court within five days of the completion of the agreed-upon discovery, at which point Plaintiffs shall be given twenty-one days, from the date of certification, to respond to the motion for summary judgment.

### III.    Prayer

For these reasons, Mary Dawes, Individually as the surviving mother of Genevive A. Dawes and as the Administrator of the Estate of Genevive A. Dawes, deceased, Alfredo Saucedo as Next Friend of minors K.R. and C.R., and Virgilio Rosales, respectfully request that the Court grant this Motion and extend their deadline to respond to Officers Hess and Kimpel's motion for summary judgment as outlined above. Plaintiffs further request such other relief to which they may be justly and equitably entitled.

Respectfully submitted,

By:/s/ *Thad D. Spalding*
**Daryl K. Washington**
State Bar No. 24013714
**WASHINGTON LAW FIRM, PC**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
Telephone: (214) 880-4883
Facsimile: (214) 751-6685
dwashington@dwashlawfirm.com

and

**Thad D. Spalding**
State Bar No. 00791708
tspalding@dpslawgroup.com
**DURHAM, PITTARD & SPALDING, LLP**
P.O. Box 224626
Dallas, Texas 75222
Telephone: (214) 946-8000
Facsimile: (214) 946-8433

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

On January 6, 2021, the undersigned emailed Mr. Goldstucker, counsel for Officers Hess and Kimpel, regarding the need for additional time to respond to the motion for summary judgment given the delay in producing documents Officers Hess and Kimpel agreed to produce. Mr. Goldstucker responded on January 7, 2021, stating that "additional response time will be okay with us if necessary." (Ex. 3).

*/s/ Daryl K. Washington (by permission)*
**Daryl K. Washington**

## CERTIFICATE OF SERVICE

       I hereby certify that on **January 11, 2021**, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

| | |
|---|---|
| Tatia R. Wilson | Mark E Goldstucker |
| tatia.wilson@dallascityhall.com | mgoldstucker@gmail.com |
| DALLAS CITY ATTORNEY'S OFFICE | LAW OFFICE OF MARK E GOLDSTUCKER |
| 1500 Marilla Street, 7th Floor | 300 N Coit Road, Suite 1125 |
| Dallas, TX 75201 | Richardson, TX 75080 |
| **Attorney for Defendant, City of Dallas** | **Attorneys for Defendants, Christopher Hess and Jason Kimpel** |

                                         */s/ Thad D. Spalding*
                                         **Thad D. Spalding**