IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY DAWES, INDIVIDUALLY, and as the ADMINISTRATOR OF THE ESTATE OF DECEDENT, GENEVIVE A. DAWES, ALFREDO SAUCEDO AS NEXT FRIEND OF MINORS, K.R. AND C.R., and VIRGILIO ROSALES, § § § § § § § | | |
| Plaintiffs, § | Civil Action No. 3:17-CV-1424-X-BK | |
| § | | |
| v. § | | |
| § | | |
| THE CITY OF DALLAS, TEXAS, CHRISTOPHER HESS, and JASON KIMPEL, § § § § | | |
| Defendants. § | | |

**THE CITY OF DALLAS'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT, DEFENSES, AND JURY DEMAND**

TO THE HONORABLE COURT:

Defendant City of Dallas, Texas (the "City"), pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, files its answer to the Plaintiff's Third Amended Complaint (the "Complaint") (ECF No. 91), defenses, and jury demand.

### I. ANSWER TO THE COMPLAINT

1.1 With respect to Complaint paragraph 1, the City acknowledges the nature of the cause of action and the parties identified, but denies the substantive allegations pleaded in that paragraph, denies that it or its employees deprived the Plaintiffs of any rights secured by the Fourth Amendment of the United States Constitution, and denies that the Plaintiffs are entitled to any relief.

1.2 With respect to Complaint paragraph 2, the City admits that the Dallas City Council is its final policymaker but denies the remaining allegations pleaded in that paragraph.

1.3     The City denies the allegations pleaded in Complaint paragraph 3 of the Complaint and denies further that the Plaintiffs are entitled to redress for any of their alleged claims.

1.4     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 4.

1.5     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 5.

1.6     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 6.

1.7     With respect to Complaint paragraph 7, the City admits the allegations pleaded in the first sentence and denies as stated the remaining allegations in that paragraph.

1.8     The City admits the allegations pleaded in the first, second, and fourth sentences of Complaint paragraph 8.  The third sentence of that paragraph does not assert facts to which a responsive pleading is required.

1.9     The City admits the allegations pleaded in the first, second, and fourth sentences of Complaint paragraph 9.  The third sentence of that paragraph does not assert facts to which a responsive pleading is required.

1.10    The City admits the jurisdictional allegations pleaded in Complaint paragraph 10 but deny that Plaintiffs are entitled to redress for their purported Fourth Amendment claims brought under 42 U.S.C. § 1983.

1.11    The City admits the venue allegations pleaded in Complaint paragraph 11.

1.12    The City admits the allegations pleaded in Complaint paragraph 12.

1.13   The City admits the allegations pleaded in the first sentence of Complaint paragraph 13, but it lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the second, third, and fourth sentences of that paragraph.

1.14   The City denies the allegations pleaded in the first sentence of Complaint paragraph 14. The City admits the allegations pleaded in the second sentence. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the third and fourth sentences of that paragraph, except that the City admits that Genevive Dawes ("Dawes") backed her car up and struck a police car.

1.15   With respect to the allegations pleaded in Complaint paragraph 15, the City admits that Dawes drove her vehicle forward into a fence, and that after striking the fence Dawes again backed her vehicle up, but it denies that she drove in reverse at a very slow rate of speed. The City admits further that Defendants Christopher Hess ("Officer Hess") and Jason Kimpel ("Officer Kimpel") fired shots through the passenger window that struck Dawes multiple times, and that Dawes was transported to a local hospital, where she subsequently died. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations pleaded in that paragraph.

1.16   The City denies the allegations pleaded in Complaint paragraph 16.

1.17   The City denies the allegations pleaded in Complaint paragraph 17.

1.18   The City denies as stated the allegations pleaded in Complaint paragraph 18, except that the City admits that Officers Hess and Kimpel fired their service weapons.

1.19   The City denies the allegations pleaded in the first sentence of Complaint paragraph 19. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the second sentence of that paragraph.

1.20 The City denies the allegations pleaded in Complaint paragraph 20.

1.21 The City denies the allegations pleaded in the first, second, and third sentences of Complaint paragraph 21. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the fourth, fifth, and sixth sentences of that paragraph.

1.22 The City denies the allegations pleaded in Complaint paragraph 22.

1.23 The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 23.

1.24 The City lacks knowledge or information sufficient to form a belief about the truth of allegations pleaded in Complaint paragraph 24, except that it admits that Dawes was transported to a local hospital.

1.25 The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in Complaint paragraph 25, except that the City admits that Dawes was pronounced dead.

1.26 The City denies as stated the allegations pleaded in the first, second, and third sentences of Complaint paragraph 26. The City admits the allegations pleaded in the fourth sentence of that paragraph.

1.27 The City denies the allegations pleaded in Complaint paragraph 27, except that it admits that Officer Hess fatally shot Dawes.

1.28 The City denies the allegations pleaded in Complaint paragraph 28.

1.29 The City denies the allegations pleaded in Complaint paragraph 29.

1,30 The City denies the allegations pleaded in Complaint paragraph 30.

1.31 The City denies the allegations pleaded in Complaint paragraph 31.

1.32 The City denies the allegations pleaded in Complaint paragraph 32.

1.33    The City denies the allegations pleaded in Complaint paragraph 33.

1.34    The City denies as stated the allegations pleaded in Complaint paragraph 34.

1.35    With respect to the allegations pleaded in Complaint paragraph 35, the City admits that Officers Hess and Kimpel were well-trained on the legal standards governing police use of force, including the use of deadly force. The City denies that there was no threat of imminent bodily harm to Officers Hess and Kimpel, other officers, or the public at the time of the incident.

1.36    The City denies the allegations pleaded in Complaint paragraph 36.

1.37    The City the allegations pleaded in Complaint paragraph 37.

1.38    The City denies the allegations pleaded in the first, third, and fourth sentences of Complaint paragraph 38. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the second sentence of that paragraph.

1.39    The City denies the allegations pleaded in Complaint paragraph 39.

1.40    The City denies the allegations pleaded in Complaint paragraph 40.

1.41    The City denies the allegations pleaded in Complaint paragraph 41.

1.42    The City denies as stated the allegations pleaded in Complaint paragraph 42 but admits that at the time of the incident giving rise to the Plaintiffs' claims Officers Hess and Kimpel were certified Texas peace officers employed by the City as police officers in the Dallas Police Department, were acting within the scope of their employment as a Dallas police officer and exercising their discretionary authority as a Texas peace officer.

1.43    The City denies the allegations pleaded in Complaint paragraph 43.

1.44    The City denies the allegations pleaded in Complaint paragraph 44.

1.45    The City denies the allegations pleaded in Complaint paragraph 45.

1.46     The City denies the allegations pleaded in the first and fifth sentences of Complaint paragraph 46, except that it admits the Dawes was 21 years old at the time of her death.  The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the second, third, fourth, and sixth sentences of that paragraph.

1.47     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the first, second, and third sentences of Complaint paragraph 47.  The City denies the allegations pleaded in the fourth sentence of that paragraph and denies further that the Plaintiffs are entitled to any relief or damages, including actual or compensatory damages, punitive or exemplary damages, attorney's fees, court costs, or interest.

1.48     Complaint paragraph 48 contains no allegations to which a responsive pleading is required.

1.49     The City denies the allegations pleaded in Complaint paragraph 49, except that it admits that, at the time of the incident on which the Plaintiffs' claims are based, Officers Hess and Kimpel were acting under color of law, and that they did not know the identity of the person(s) who had stolen the car or the person(s) inside the car.

1.50     The City denies the allegations pleaded in Complaint paragraph 50.

1.51     The City denies the allegations pleaded in Complaint paragraph 51.

1.52     The City denies the allegations pleaded in Complaint paragraph 52.

1.53     The City denies the allegations pleaded in Complaint paragraph 53.

1.54     The City denies the allegations pleaded in Complaint paragraph 54.

1.55     The City denies the allegations pleaded in Complaint paragraph 55.

1.56     The City denies the allegations pleaded in Complaint paragraph 56.

1.57     The City denies the allegations pleaded in Complaint paragraph 57.

1.58 The City denies the allegations pleaded in Complaint paragraph 58 and deny further that Plaintiffs are entitled to any relief.

1.59 Complaint paragraph 59 does not plead any facts to which a responsive pleading is required.

1.60 The City denies the allegations pleaded in Complaint paragraph 60.

1.61 The City denies the allegations pleaded in Complaint paragraph 61.

1.62 The City denies as stated the allegations pleaded in the first sentence of Complaint paragraph 62, except that it admits that Officers Hess and Kimpel were acting within the course and scope of their employment and authority as a Dallas Police Department officer and pursuant to and in accordance with Dallas Police Department orders and procedures, their duty assignments, City of Dallas policies and ordinances, and state and federal laws. The City denies the remaining allegations pleaded in that paragraph.

1.63 The City denies the allegations pleaded in Complaint paragraph 63.

1.64 The City denies the allegations pleaded in Complaint paragraph 64.

1.65 The City denies the allegations pleaded in Complaint paragraph 65.

1.66 The City denies as stated the allegations pleaded in Complaint paragraph 66.

1.67 The City denies the allegations pleaded in Complaint paragraph 67.

1.68 The City denies the allegations pleaded in Complaint paragraph 68.

1.69 The City denies the allegations pleaded in Complaint paragraph 69 and denies further that the Plaintiffs are entitled to any relief.

1.70 The City denies the allegations pleaded in Complaint paragraph 70.

1.71 The City denies the allegations pleaded in Complaint paragraph 71.

1.72 The City denies the allegations pleaded in Complaint paragraph 72.

1.73    The City denies the allegations pleaded in Complaint paragraph 73.

1.74    Complaint paragraph 74 does not plead any facts to which a responsive pleading is required.

1.75    Complaint paragraph 75 does not plead any facts to which a responsive pleading is required.

1.76    The City denies as stated the allegations pleaded in Complaint paragraph 76.

1.77    The City denies the allegations pleaded in Complaint paragraph 77.

1.78    The City denies the allegations pleaded in Complaint paragraph 78.

1.79    The City denies as stated the allegations pleaded in Complaint paragraph 79.

1.80    The City denies the allegations pleaded in Complaint paragraph 80.

1.81    The City denies the allegations pleaded in Complaint paragraph 81.

1.82    The City denies the allegations pleaded in Complaint paragraph 82.

1.83    The City denies as stated the allegations pleaded in Complaint paragraph 83.

1.84    The City denies as stated the allegations pleaded in Complaint paragraph 84.

1.85    The City denies the allegations pleaded in Complaint paragraph 85.

1.86    The City denies the allegations pleaded in Complaint paragraph 86.

1.87    The City denies as stated the allegations pleaded in Complaint paragraph 87 but admits that Officers Hess and Kimpel were acting with the course and scope of their employment as a Dallas Police Department officer.

1.88     The City denies the allegations pleaded in Complaint paragraph 88.

1.89    The City denies the allegations pleaded in Complaint paragraph 89.

1.90    The City denies the allegations pleaded in Complaint paragraph 90.

1.91    The City denies the allegations pleaded in Complaint paragraph 91.

1.92     The City denies the allegations pleaded in Complaint paragraph 92 and denies further that the Plaintiffs are entitled to recover any relief.

1.93     The first sentence of Complaint paragraph 93 does not plead any facts to which a responsive pleading is required.  The City denies the allegations pleaded in the second sentence of that paragraph and denies further that the Plaintiffs are entitled to recover any relief, including the damages sought in subparts a-f of that paragraph.

1.94     The City denies the allegations pleaded in Complaint paragraph 94.

1.95     The City denies the allegations pleaded in Complaint paragraph 95.

1.96     The City denies the allegations pleaded in Complaint paragraph 96.

1.97     The City denies the allegations pleaded in Complaint paragraph 97.

1.98     The City denies the allegations pleaded in Complaint paragraph 98.

1.99     The City denies the allegations pleaded in Complaint paragraph 99.

1.96     Complaint paragraph 100 does not plead facts to which a responsive pleading is required.

1.97     The last unnumbered paragraph of the Complaint is a prayer for relief and request for judgment.  The City denies that the Plaintiffs are entitled to any relief, including actual damages, exemplary damages, interest, court costs, or other relief of any kind or nature.

## II.     DEFENSES

2.1     The City pleads that Plaintiffs have failed to state a claim upon which relief can be granted against it under the Fourth Amendment to the United States Constitution or under Texas state law.

2.2     The City pleads that Officers Hess and Kimpel did not engage in any conduct that deprived the Plaintiffs of their constitutional rights.

2.3     The City pleads that it cannot be liable to Plaintiffs on their Fourth Amendment claims because no underlying constitutional violation occurred.  Without an underlying constitutional violation, the City cannot be held liable under 42 U.S.C. § 1983 as a matter of law.

2.4     The City pleads that reasonable suspicion existed for the detention of Genevive Dawes and Virgilio Rosales in connection with the incident on which Plaintiffs' claims are based.

2.5     The City pleads that probable cause, or at least arguable probable cause, existed for the seizure of Genevive Dawes and Virgilio Rosales in connection with the incident on which Plaintiffs' claims are based.

2.6     The City pleads that no constitutionally defective City policy or custom or practice of City employees having the force of official municipal policy was the actual or proximate cause of a deprivation of Plaintiffs' rights arising under the Fourth Amendment to the United States Constitution.

2.7     The City pleads that the official policymaker for the City of Dallas is the Dallas City Council, that the City's official policymaker was not deliberately indifferent to a custom having the force of municipal policy that was itself the actual cause and "moving force" behind the deprivation of the Plaintiffs' constitutional rights.

2.8     The City pleads that it does not have an official policy the application of which deprived Plaintiffs of any federally secured rights, and that its final policymaker was not deliberately indifferent to Plaintiffs' federally secured rights.

2.9     The City pleads that the Dallas City Council has not delegated final policymaking authority over the Dallas Police Department or to any person identified in the Plaintiffs' complaint as the head of that department.

2.10    The City pleads that the Plaintiffs' alleged damages, if any, were caused by the actions of Genevive Dawes and Virgilio Rosales and not by any actions of the City or Officers Hess and Kimpel.

2.11    The City pleads that it is entitled to governmental immunity on any purported state law claims against it.

## IV.    JURY DEMAND

4.1    The City demands a trial by jury.

WHEREFORE, Defendant City of Dallas requests that the Court deny all relief requested by the Plaintiffs; dismiss with prejudice the Plaintiffs' claims against it; render a judgment that the Plaintiffs take nothing from the City in this action; enter judgment in favor of the City for its attorney's fees and costs; and that the Court further grant the City all such other relief to which it is entitled.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

Lindsay Wilson Gowin
Senior Assistant City Attorney
Texas State Bar No. 24111401
lindsay.gowin@dallascityhall.com

J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallascityhall.com

Devin Q. Alexander
Senior Assistant City Attorney
Texas State Bar No. 24104554
devin.alexander@dallascityhall.com

s/*Tatia R. Wilson*
Tatia R. Wilson
Executive Assistant City Attorney
Texas State Bar No. 00795793
tatia.wilson@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

*Attorneys for Defendant City of Dallas, Texas*

**CERTIFICATE OF SERVICE**

   I certify that on April 13, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                s/ *Tatia R. Wilson*
                Assistant City Attorney