UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| MARY DAWES, *individually and as the Administrator of the Estate of Decedent Genevive A. Dawes*; ALFREDO SAUCEDO; and VIRGILIO ROSALES, | § § § § § § § | |
| *Plaintiffs,* | § § | No. 3:17-CV-1424-X |
| v. | § § | |
| CITY OF DALLAS, CHRISTOPHER HESS, and JASON KIMPEL, | § § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions: the plaintiffs' motion for a certificate of appealability pursuant to Federal Rule of Civil Procedure 54(b) [Doc. No. 144] and defendant City of Dallas's motion for summary judgment [Doc. No. 147].  The Court **DISMISSES AS MOOT** the plaintiffs' motion and **GRANTS** the City of Dallas's motion.

\*     \*     \*

On August 11, 2022, the Court granted defendant-officers Christopher Hess's and Jason Kimpel's motion for summary judgment and granted those defendants qualified immunity.  [Doc. No. 142.]  The Court found that the plaintiffs had failed to show that the constitutional right at issue was clearly established at the time of the

alleged misconduct.  The Court also found that the plaintiffs had failed to show that the officers violated a constitutional right.

Defendant City of Dallas was not involved in the officers' motion for summary judgment.  Against the City of Dallas, the plaintiffs assert a claim for municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*.[1]  To succeed under *Monell*, "a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'"[2]

After the Court entered its memorandum opinion and order finding that the defendant officers had not violated the Constitution, the City of Dallas moved for summary judgment.  [Doc. No. 147.]  The City argues: "Because the Court found that no underlying constitutional violation occurred and determined that the officers were entitled to summary judgment on the Plaintiffs' claim against them, there is no basis for municipal liability."[3]  The City pointed out that the plaintiffs had already in their motion for certificate of appealability conceded that, lacking an underlying constitutional violation, their *Monell* claim against the City was no longer viable.[4]

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[2] *Valle v. City of Hous.*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Monell*, 436 U.S. at 691).

[3] Doc. No. 148 at 4.

[4] Doc. No. 144 at 4 (Plaintiffs' Motion for Certificate of Appealability):

[T]he summary judgment in favor of the officers effectively disposes of the claims against the City as well. After all, if—as this Court determined—there is not a constitutional violation which bars Plaintiffs' excessive force claims against the officers, that decision will necessarily bar Plaintiffs' Monell claims against the City, which arise out of the same conduct.

In response, the plaintiffs stated:

> [I]f there is a finding that the Officers did not violate the plaintiffs' constitutional rights, the City cannot be liable. Assuming this Court maintains its position and continues to be of the opinion that the Officers were entitled to summary judgment because they—as a matter of law— did not violate the Plaintiffs' Fourth Amendment rights, Plaintiffs acknowledge that the City would necessarily also be entitled to summary judgment and the propriety of that summary judgment would be controlled by the propriety of the Officers' summary judgment.[5]

Accordingly, the parties agree that the Court's finding that the officers did not violate the Constitution compels a finding that the City of Dallas is entitled to summary judgment on the plaintiffs' *Monell* claim. The Court also agrees and therefore grants the City of Dallas's motion for summary judgment.[6]

Having now dismissed all claims against all defendants in this case, the Court dismisses as moot the plaintiffs' motion for certificate of appealability.

---

[5] Doc. No. 153 at 2–3 (internal citations omitted).

[6] In the plaintiffs' response to the City's motion for summary judgment, they raise several substantive objections to the Court's order that granted the officers qualified immunity. The Court responds to one of those objections. In its order on the officers' motion for summary judgment and regarding qualified immunity's first prong, the Court stated that: "Although this case presents a relatively close question of whether a constitutional violation occurred, the Court concludes that, on balance, Officers Hess and Kimpel reasonably believed that Dawes posed a threat of serious harm to themselves and the other officers." Doc. No. 142 at 25. The plaintiffs argue that "[a] 'close question' and the need to 'balance' the evidence should have required a finding of a material fact issue as to the use of objectively unreasonable, deadly force." Doc. No. 153 at 3.

First, this case's constitutional-violation analysis was indeed a "close question" "*relative[]*" to the clearly-established-law analysis. Doc. No. 142 at 25. For, as the Court explained, the Fifth Circuit has unequivocally rejected (in other cases) the plaintiffs' argument that *Tennessee v. Garner*, 471 U.S. 1 (1985), provides the clearly established law for this case. *See, e.g.*, *Harmon v. City of Arlington*, 16 F.4th 1159, 1167 (5th Cir. 2021) ("At most, *Garner* prohibits using deadly force against an unarmed burglary suspect fleeing on foot who poses no immediate threat."); *Goldston v. Anderson*, 775 F. App'x 772, 773 (5th Cir. 2019) (*Garner* provides only the "general standard" for deadly force cases, and plaintiffs must go beyond *Garner* and identify a case with specificity).

Second, in determining that the officers did not violate the Constitution, the Court simply followed the Fifth Circuit's instructions to engage in a "calculus" of "judg[ing] from the perspective of

**IT IS SO ORDERED** this 6th day of September, 2022.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

a reasonable officer on the scene" whether "the officer reasonably believe[d] that the suspect pose[d] a threat of serious harm to the officer or to others."   *Harmon*, 16 F.4th at 1163.   And "[t]he reasonableness inquiry is inherently factbound . . . ."   *Id.* at 1164.